**Fannie Horowitz and Bessie Horowitz by Barnet Finkelstein, Appellees, v. Independent Western Star Order, Appellant.**

**Gen. No. 18,008.**

1. INSURANCE, § 855*—*when society estopped to set up its laws as a defense.* In an action to recover on a certificate of membership in a beneficiary society wrongfully withheld from the member during his lifetime, society *held* estopped to set up as a defense that the laws of the society provide that an applicant shall not be considered a member until after he is in possession of the membership certificate.

2. INSURANCE, § 851*—*when beneficiary may invoke aid of equity to recover on a certificate wrongfully withheld.* Where a benefit certificate has been wrongfully withheld from member during his life time, the beneficiaries may invoke the aid of equity to adjust the controversy by final decree.

3. INFANTS, § 34*—*authority of next friend to collect judgment.* The prosecution of a suit for infants may be undertaken and conducted by a next friend, but he is not authorized to collect the judgment.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed November 3, 1913.

WILLIAM A. JONESI, for appellant.

WHARTON PLUMMER and JOSEPH EPSTEIN, for appellees; TODD & PLUMMER, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The appellees filed their bill in which they alleged *inter alia,* that the defendant was a fraternal beneficiary society organized and doing business under the laws of Illinois; that Gussie Horowitz, their mother, became a member of the defendant society August 23, 1908; that she continued as such member, attending the

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

meetings of Humboldt Lodge No. 151, a subordinate lodge of the said defendant, and was at all times recognized as a member thereof, and paid all dues and assessments required to be paid by her under the laws of the lodge and the defendant society; that she was duly initiated into said defendant society as a beneficial member and complied with all its laws and was a beneficial member thereof in good standing when on March 30, 1909, she died of pneumonia; that in her application of membership she designated the complainants as her beneficiaries; that her application was duly approved and deposited with I. Shapiro, the defendant's Grand Secretary, who was authorized to receive same and empowered and directed to issue therein to said Gussie Horowitz a certificate of membership in the defendant society, which said Shapiro neglected to do; that in said application was a printed instruction to the medical examiner that female candidates in any stage of pregnancy should be rejected; that at the time of making said application said Gussie Horowitz was not pregnant, but that she became pregnant long after the approval of the application; that she made repeated demands for the said certificate, but was unable to obtain same; that on or about January 26, 1909, the said Grand Secretary, Shapiro, learned of her pregnancy and knowing that she could not then pass the said examination by reason of her pregnancy, for the purpose and intention of wrongfully depriving her of the said certificate of membership, refused to issue the same unless she submitted to another medical examination, which she refused to do on the ground that she was and had been a member of the said defendant society since August 23, 1908, and was lawfully entitled to said certificate and made demand thereof and same was refused and none issued to her; that soon thereafter she became ill and unable to commence an action to enforce the issuance of the said certificate and died March 30, 1909; that proofs were made of the said death and payment refused.

The bill prayed that a decree be entered that said certificate be issued by the said defendant society and payment thereon of five hundred dollars be decreed complainants.

A demurrer was overruled and thereupon the defendant answered, admitting, *inter alia,* that said Gussie Horowitz made such application and that the same was approved by its chief medical examiner, but denied that she was a beneficial member of the said society or that she was initiated therein as a beneficial member, or that she was so recognized, or that she complied with the rules and laws of the defendant society, or that she was entitled to a certificate of membership therein. On the filing of a replication the cause was heard by the chancellor and a decree entered finding, *inter alia,* that on August 23, 1908, Gussie Horowitz, the mother of the complainants, applied for membership in Humboldt Lodge No. 151, a subordinate lodge of the said defendant society, and on the said date was duly and lawfully initiated as a beneficiary member of the said lodge and the said defendant society; that the said initiation took place at the date of the application under a special arrangement made with the grand officers of the defendant society in relation to charter members of the said subordinate lodge; that she paid all dues, assessments and charges required by the laws of the said defendant society and complied with all rules thereof and of the subordinate lodge; that the said Gussie Horowitz became and was in fact a beneficiary member of the defendant society and entitled to a certificate of membership therein; that the laws of the said defendant society provided that no applicant shall be considered a member of the said defendant society until after he has received the initiatory degree and is in possession of the membership certificate issued by the Grand Lodge through the Grand Secretary; that repeated requests were made for said certificate of membership and that the Grand Secretary was notified of the initiation of the said Gussie Horowitz and requested to issue

to her a certificate of membership; that the said Grand Secretary was empowered to and under the laws of the said defendant society should have issued a certificate of membership to the said Gussie Horowitz, but that the said Grand Secretary wrongfully refused to issue the said certificate; that the laws of said defendant society provided that pregnant women were not eligible to membership therein; that said insured became pregnant subsequent to her initiation as a member of the defendant society and that its Grand Secretary refused to issue a certificate to her unless she again submitted to an examination, and the said refusal was wrongful and without justification; that the insured died of pneumonia and the complainants were her beneficiaries and entitled to the said sum of five hundred dollars and decreed that said sum with interest thereon be paid to the complainants.

There was a conflict of testimony, but we are not disposed to hold that the weight of the evidence was clearly and manifestly against the findings of the chancellor on material issues of fact, as contended by the appellant.

The provision that no applicant shall be considered a member of the said defendant until after he "is in possession of the membership certificate issued by the Grand Lodge through the Grand Secretary" is claimed by the appellant to defeat the right to recover, and he cites *Bishop v. Empire Order of Mutual Aid*, 43 Hun (N. Y.) 472, and Niblack on Benefit Societies, sec. 139, p. 280. We do not think the authorities cited support the contention when applied to the facts in the case at bar. It appears to us that the rules announced by Mr. Niblack in sec. 138, to which we refer, support the appellees' right to recover. We are of the opinion that the defendant is estopped from interposing the said defense. To hold otherwise would permit the defendant to avail itself of its own wrong.

It is urged that the right of recovery, if any, is in law and not in equity. As we understand the appel-

lant's argument it is in effect that the court would not now enforce the issuance of a certificate of membership on the life of the insured, for she being dead, the certificate would be void; and if it be held that a bill could have been maintained by the insured during her life to enforce the issuance of and delivery to her of a certificate of membership in the defendant society, then a complete contract could have been established by the appellees that would support an action at law and therefore there can be no recovery in equity. We do not agree with this contention. The defendant had not delivered to the insured a certificate of membership, and claimed that without said certificate, as required by the laws of the defendant society, which were binding on her, there could be no recovery. To establish that the insured had been entitled to the said certificate and that it was wrongfully withheld by the defendant society, and contrary to its own laws, and that the complainants were the beneficiaries designated by the decedent, we think the appellees properly invoked the aid of a court of equity. These facts being established, which with the application, charter, bylaws, etc., made a complete contract between the parties, and with all the evidence further showed the appellees were entitled to recover; the court, having jurisdiction in chancery, rightfully and wisely adjusted the entire controversy by a final decree.

The appellant is much concerned over being required to pay the amount of this decree to the next friend. We agree with counsel that if it pays the amount to the next friend there may be some ground for apprehension. The error is perhaps in treating the next friend as the party complainant. The beneficiaries are parties complainant and the decree provides for payment to them and not to the next friend. The payment should therefore be into court or to a lawfully appointed guardian, and it is not required to, and should not, pay the amount to the next friend. The prosecution

of a suit for infants may be undertaken and conducted by a next friend, but he is not authorized to collect the judgment.   22 Cyc. 704.

We think the other points made are untenable, and no reversible error appearing in the record the decree is affirmed.

*Affirmed.*